IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| | |
|---|---|
| DEBORAH BALDRIDGE, | 4:01CV3309 |
| Plaintiff, | |
| vs. | **MEMORANDUM** |
| | **AND ORDER** |
| PAWNEE COUNTY, NEBRASKA; DON LUEDDERS; GORDON CLEMENT; FERDINAND FRIEDLY; and ROBERT HICKEY, | |
| Defendants. | |

Plaintiff has filed a "motion for relief from judgment" (filing 111), which the court construes as a motion filed pursuant to Federal Rule of Civil Procedure 60(b). The motion requests the court to set aside the judgment of dismissal with prejudice that was entered on December 12, 2003, pursuant to the parties' joint stipulation and Federal Rule of Civil Procedure 41(a), for the reason that "Defendant Pawnee County and defendant Don Luedders did not sign the Stipulation of the parties, did not comply with Rule 41(a) requiring all parties to sign the stipulation and by having their agent and/or attorney Victor Faesser make a statement to the press which was not approved by the plaintiff or his counsel and inconsistent with the intent of the Stipulation put on the record by the parties on or about November 12, 2004 (sic)." Plaintiff has presented evidence that a state court action to enforce a separate written settlement agreement (not signed by Pawnee County or Don Luedders) was dismissed on motion for summary judgment on December 21, 2004.

Plaintiff's motion for relief from judgment was not filed until June 10, 2005, and is untimely. Rule 60(b) requires that "[t]e motion shall be made within a reasonable time," and where, as here, the alleged reasons for setting aside the

judgment are "mistake, inadvertence, surprise, or excusable neglect," or "fraud . . ., misrepresentation, or other misconduct of an adverse party," not more than one year after the judgment was entered. Fed. R. Civ. P. 60(b)(1) and (3). To the extent Plaintiff claims that Defendants personally were required to sign the stipulation for dismissal, there is no merit to this contention. The stipulation was signed by the parties' counsel, which is all that is required by Rule 41(a). See Fed. R. Civ. P. 11(a). In any event, Plaintiff is not entitled to have the judgment set aside just because the voluntary dismissal was not agreed to by Defendants—in such event, only Defendants might have a legitimate basis for complaint.

What Plaintiff is really complaining about, of course, is that the separate written settlement agreement was not signed by all Defendants, and allegedly was breached. The filed stipulation for dismissal did not detail the terms of the parties' settlement, however, and this court did not retain continuing jurisdiction when it entered judgment. The alleged failure by Defendants to execute or to comply with the settlement agreement therefore does not provide a basis for granting Plaintiff the relief requested. See Communications, Inc. v. Paradigm Co., 336 F.3d 775, 778 (8th Cir. 2003) (district court lacked ancillary jurisdiction to enforce settlement).

Accordingly,

IT IS ORDERED that Plaintiff's motion for relief from judgment (filing 111) is denied.

July 8, 2005                                BY THE COURT:

                                            s/ *Richard G. Kopf*
                                            United States District Judge